NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0229n.06

No. 25-1265

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 22, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| DEMETRIUS CORTEZ WHITE, | ) ) | |
|     Defendant-Appellant. | ) ) | OPINION |

Before: BATCHELDER, GRIFFIN, and MATHIS, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**. Demetrius White pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and reserved only his right to appeal the district court's denial of his motion to dismiss his indictment. White now exercises that right. As he argued before the district court, White alleges that § 922(g)(1) violates the Second Amendment as applied to him. We affirm.

In 2014, White was convicted of felony domestic violence for punching his girlfriend in the face. White was convicted of felony domestic violence again in 2016 after he "punch[ed] [the same woman] all over the front of her body." In addition to his two felony convictions, White also has three misdemeanor convictions for domestic violence and a misdemeanor conviction for aggravated assault.

On March 4, 2024, White posted on his Facebook account a video in which he had two firearms in his waistband and was holding a bottle of liquor. Later that same day, with White's

consent, law enforcement searched White's residence and found a handgun matching the characteristics of one of the firearms shown in his Facebook video. A federal grand jury indicted him on charges of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). White filed a motion to dismiss his indictment and argued that § 922(g)(1) violated the Second Amendment as applied to him. The district court denied his motion.

The Second Amendment provides White, as an American citizen, with a presumptive right to bear arms. But that right is not absolute, and Congress may "disarm people it believes are dangerous, so long as members of that class have an opportunity to show they aren't." *United States v. Williams*, 113 F.4th 637, 661–62 (6th Cir. 2024). Congress has chosen to disarm felons through 18 U.S.C. § 922(g)(1). *Id.* at 662. So, for White to fall outside the permissible scope of § 922(g)(1) and prevail on his as-applied challenge, he must "demonstrate that he is not dangerous." *Id.* at 657. And in this appeal, White appears to argue that the district court should have made individualized factual determinations regarding his dangerousness. But it is White's burden to prove that he is not dangerous, not the court's job to prove that he is. *See id.* at 662.

We recently classified a defendant with three misdemeanor convictions for domestic violence as a "serial perpetrator of domestic violence" and noted that "the recidivism rate for domestic-violence offenders is high." *United States v. Gailes*, 118 F.4th 822, 823-24, 829 (6th Cir. 2024). In addition to the three domestic-violence misdemeanors White has in common with the defendant in *Gailes*, White also has two felony domestic-violence convictions and another misdemeanor conviction for aggravated assault. Accordingly, applying the framework from *Williams* and the reasoning in *Gailes*, the district court denied White's as-applied challenge because he had "not met his burden to show that he does not present a danger to society in general or to specific individuals."

After carefully reviewing the record, the law, and the parties' briefs on appeal, we conclude that the district court correctly set out the law and the facts, and that it did not err in applying the law to those facts. The issuance of a full written opinion by this Court would serve no useful purpose. For the reasons stated in the district court's order, we **AFFIRM**.